## CIRCUIT COURT OF MADISON COUNTY

Ellen M. Early et al.

v.

Earl E. Smith

May 13, 2004

Case No. (Chancery) 3174

By Judge Daniel R. Bouton

I have now had an opportunity to review the decree that has been presented in connection with the above referenced matter. Upon reflection and perhaps in a manner that is inconsistent with what I previously implied, I regret to advise you that the court must decline to enter the decree for a number of reasons.

First, as I understand it, the parties have reached a settlement of the case that will result in a sale of the property at an auction of some type. Counsel expect to serve as special commissioners in connection with the sale. The decree that has been presented for entry and the subsequent decrees that would be necessary to conclude the proceedings would result in a judicial sale under the supervision of and with the approval of the court. All such sales are subject to the provisions of Section 8.01-96 *et seq.* of the Code of Virginia. Furthermore, since the pleadings request relief in the form of partition, the statutory scheme and the principles of law that apply to such cases must be satisfied. In cases where the court appoints special commissioners to conduct judicial sales in partition suits, the decrees of the court address the question of jurisdiction and whether all of the necessary parties are properly before the court; they also require a finding by the court that partition cannot be conveniently made; and they settle the issue of title to the property. (See Va. Code § 8.01-113.) In short, it appears that the decrees that are expected to be entered in light of the

settlement that has been reached would actually be identical to those that would be entered if the case had actually been tried.

In the court's view, it would not be appropriate to enter such decrees in the absence of adequate evidence to support them. The decrees for judicial sales conducted by special commissioners in partition suits require a number of findings of fact and several conclusions of law, and such decrees should not simply be endorsed by the court as part of a settlement without at least minimal proof regarding the property and the status of the title. Such evidence can be presented at an *ore tenus* hearing and can include appropriate documents such as surveys, title reports, appraisals, and other items. If the evidence is not disputed, it could be presented at a hearing that in all likelihood would require an hour or less of the court's time. Moreover, it should be noted that, if convenient for counsel, the evidence can be submitted in the form of depositions and stipulated exhibits. However, before the entry of a set of decrees that will result in the conveyance of title at a sale that is judicially approved, some evidence to support the decrees must be a part of the record in the case. As a result, the court must respectfully decline to enter the decree that is before the court.

On the other hand, if the matter is to be settled by a private auction conducted by counsel, the parties can agree among themselves to such contractual arrangements. The court is aware of no reason why an order could not be entered stating that the matter has been settled in this manner. The property can then be sold under the terms of the agreement and the parties can execute any deed of conveyance that might be necessary in order to close the transaction. Under these circumstances, should a party refuse to execute any such deed in accordance with the agreed upon contractual arrangements, the court has the authority to appoint a special commissioner to make the conveyance in accordance with Section 8.01-110 of the Code of Virginia.

The role played by a special commissioner in a case that has been settled by agreement, however, is quite different from the role played by a special commissioner who is appointed to convey title in a partition suit or as part of any other judicial sale. Specifically, the critical distinction is that a special commissioner appointed pursuant to Section 8.01-110 to convey an interest in real property based on a private contract would not be conveying title as part of a judicial sale approved by the court. Rather, the special commissioner would receive from the court the limited authority to convey an in rem interest in the disputed property because of the refusal or inability of a party to execute a deed in accordance with the

terms of a valid agreement. The title that would pass under such a commissioner's deed would thus not receive judicial sanction and approval. Consequently, the concerns expressed by the court about the decree in the present case would be eliminated.